IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 03-0509
════════════
 
In the Interest of A.M. and 
B.M., Children
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Thirteenth District 
of Texas
════════════════════════════════════════════════════
 
 
Argued November 
15, 2005
 
 
Justice Johnson filed an opinion 
concurring in part and dissenting in part.
 
 
I agree with 
the Court’s opinion except as to the portion of Part III that specifies how to 
calculate the amount of reimbursement or offset to which an obligor is entitled 
under Texas Family Code § 157.008(d), which provides:
 
An obligor 
who has provided actual support to the child during a time subject to an 
affirmative defense under this section may request reimbursement for that 
support as a counterclaim or offset against the claim of the obligee.
 
Tex. Fam. Code § 157.008(d).
The burden of 
proof as to the affirmative defense provided by section 157.008 is on the 
obligor.  See id. § 157.006.  Thus, an obligor such as Mullen 
has the burden to prove that he provided “actual support” during a time of 
excess possession.  The obligor can request reimbursement as a counterclaim 
or offset of “that support” against the claim of the obligee.
 The 
Family Code does not prescribe the quality of proof an obligor must provide as 
to support provided.  See Curtis v. Curtis, 11 S.W.3d 466, 473 (Tex. 
App.–Tyler 2000, no pet.) (evaluating evidence of canceled checks and 
documentary evidence as well as testimony of an obligor as to amount of support 
provided), and cases cited therein; Buzbee v. Buzbee, 870 S.W.2d 335, 
339-40 (Tex. App.–Waco 1994, no writ) (holding that the testimony of an obligor 
as to amount of payments was sufficient evidence to support findings of actual 
support paid).  The Code does, however, plainly provide that the actual 
support be proved by a preponderance of the evidence.  Tex. Fam. Code § 157.006(b).
I agree with 
the court of appeals’ conclusion that the absence of evidence that Chism or 
anyone other than Mullen provided support for the children during the time that 
Mullen had possession of them would allow an inference that Mullen provided some 
level of actual support for that period of time.  I do not agree, as the 
majority concludes, that the inference of some support allows a second 
inference, labeled as a presumption, that Mullen provided actual support in the 
specific amount of his monthly child support obligation.  See 
Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp., 435 S.W.2d 
854, 858 (Tex. 1968) (“[A] vital fact may not be established by piling inference 
upon inference.”).  Nor do section 157.008 and related sections of the 
Family Code contain any type of presumption similar to that provided for use in 
rendering the child support order.  Compare Tex. Fam. Code § 157.008 (providing no 
presumption as to the amount of support) with § 154.125(b) (“If the 
obligor’s monthly net resources are $6,000 or less, the court shall 
presumptively apply the [statutory] schedule in rendering the child support 
order.”).
 Mullen 
was statutorily obligated to prove the amount of support he provided in order to 
receive an offset or reimbursement.  In my view, Mullen is entitled to 
offset only the amount of actual support he proved and the trial court found, 
subject to proper appellate review and limited as provided by statute.  
See Tex. Fam. Code § 
157.008(d).
 
 
________________________________________
Phil 
Johnson
Justice
 
 
OPINION DELIVERED:  
May 5, 2006